## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

NILDA IVELISSE AVILES CINTRON

Debtor(s)

CARLOS R MENDEZ RUIZ

Plaintiff

vs.

NILDA IVELISSE AVILES CINTRON

Defendant(s)

CASE NO.  15-02138

Chapter   7

Adversary No. 15-00168

FILED & ENTERED ON 03/10/2016

## OPINION & ORDER

Before the court are a number of motions filed by both Plaintiff, Mr. Carlos R. Mendez Ruiz ("Plaintiff") and Debtor/Defendant Ms. Nilda Ivelisse Aviles Cintron ("Debtor"). The matters stem from this court's Order dismissing the instant adversary proceeding due to Plaintiff's failure to timely reply to a pending motion to dismiss filed by Debtor. [See Dkt. No.'s 10, 13, 14, and 21].

Generally speaking the court prefers to adjudicate legal issues on their merits rather than

on a procedural technicality. However, the court reviews every document submitted regardless of whether an opposition is filed. In this case the arguments raised in the Debtor's *Amended Motion to Dismiss* [Dkt. No. 10] were legally sound, and the onus was on the Plaintiff to refute them. Notwithstanding the fact that the Plaintiff's *Reply to the Defendant's Motion Requesting Dismissal* was filed seventeen (17) days past the time limit set by the court [see, Dkt. No. 14], the Plaintiff's reply provides no plausible explanation as to why no opposition was timely filed, nor does it address the substance of the motion to dismiss itself. [See Dkt. No. 23].

Moreover, Plaintiff in his reply and subsequent *Motion for the Reconsideration of the Order Dismissing the Adversary Proceeding Entered on October 26th, 2015; Debtors' Reply and Opposition to the Movant's Motion Requesting Dismissal* [Dkt. No. 24], misstates the fact that the Debtor's motion at docket entry number 10 was defective "and therefore the time for filing a reply has not been tolled nor been interrupted." A review of the docket in this proceeding demonstrates that the Debtor's amended motion to dismiss was correctly filed. This is further evidenced by the Plaintiff's motion requesting an extension of thirty (30) additional days to file a reply. This request was granted by the court. [See Dkt. No.'s 13 & 14]. More troubling still, Plaintiff misstates the law when he argues in lettered paragraphs H and I of the motion for reconsideration:

> That since an application to employ Attorney Gil De La Madrid had not been filed, Defendant's supposed other "Legal Counsel" had not been approved by the Honorable Court to represent the Defendant before the Bankruptcy Court for the District Puerto; and therefore any motion(s)taken and made are on null and void. All this was tantamount to the Defendant not filing a reply to the complaint filed on July 2nd, 2015.

Under the Bankruptcy Code, specifically 11 U.S.C. § 327, court approval is not necessary for the appointment of an attorney for the debtor in a liquidation case under chapter 7 because any compensation due would not come from the estate. See 11 U.S.C. 330; and Lamie v. United States Trustee, 540 U.S. 526 (2004).

From this, the court may reasonably conclude that there are no meritorious arguments since none were raised by Plaintiff. The Plaintiff's motion for the reconsideration of the October 26, 2015 Order dismissing the Adversary Proceeding is DENIED for failure to provide the court with a basis in case law or statutory authority to support the relief requested. [See, PR LBR 9013-2]. As such, all other motions pending in the adversary case are moot. The case remains dismissed. The Clerk shall enter Judgment and close the adversary case forthwith.

SO ORDERED

San Juan, Puerto Rico, this 10th day of March, 2016.

Brian K. Tester
U.S. Bankruptcy Judge